IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 05-cv-02452-EWN-CBS

KATHLEEN KLEN,

    Plaintiff

v.

BOARD OF GOVERNORS OF THE
COLORADO STATE UNIVERSITY SYSTEM;
formerly known as the COLORADO STATE BOARD OF AGRICULTURE,
a public entity operating Colorado State University;
COLORADO STATE UNIVERSITY,
a Colorado public institute of higher education;
JAY KAMMERZELL,
Plaintiff's employment supervisor at the Colorado State University;

    Defendants.

## STIPULATED PROTECTIVE ORDER

Kathleen Klen ("Plaintiff") and The Board of Governors of the Colorado State University System and Jay Kammerzell ("Defendants",) by and through their attorneys, hereby enter in to the following Protective Order governing discovery in this action and request this Stipulated Protective Order be entered as the Court's Order in the above-captioned matter, in order to preserve the proprietary interests and confidentiality of the Parties' medical, financial, and personal information, as fully set forth herein.

In this action, Plaintiff and Defendant have sought, anticipate receiving and/or anticipate communicating Confidential Information, pursuant to the Federal Rules of Civil Procedure, that contains confidential or proprietary information, medical information, and personal information, the disclosure of which would cause invasion

1

of the privacy of the Plaintiff or an employee or agent of Defendant, or could cause embarrassment of any person.

1. Information disclosed by Plaintiff to Defendant, or by Defendant to Plaintiff, may be designated as Confidential in the following manner:

(a) By imprinting the word "Confidential" on the first page or cover of any Document or Copy;

(b) By imprinting the word Confidential next to or above any response to an Interrogatory or request for production or request for admission;

(c) With respect to testimony that is not transcribed, by giving written notice to opposing counsel designating such portions as "Confidential" no later than 10 days after the testimony is given;

(d) With respect to testimony that is transcribed, by giving written notice to opposing counsel designating such portions as "Confidential" no later than 10 days after receipt of the transcribed testimony;

(e) With respect to testimony in parts "c" and "d", the parties shall treat as confidential the testimony during the 10 day designation period;

(f) The cover page and those portions of the original transcripts that contain Confidential Material shall bear the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and shall be bound separately from the non-confidential portions of the transcript. Any deposition exhibits designated Confidential shall also be bound separately.

2. All information disclosed by Plaintiff or Defendant designated as Confidential Information shall be subject to the following restrictions:

(a) The Confidential Information shall be used only by the Parties and others specifically listed below only for the purpose of this litigation and not for any business, personal or other purposes whatsoever; and

(b) The Confidential Information shall not be Communicated in any manner, either directly or indirectly, by the Parties to anyone other than:

    (1) The Parties, their counsel, and persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by the attorneys in the preparation for trial, or other proceedings in the case;

    (2) Experts whose opinions may be presented at trial or who are retained or specially employed by a Party for the purposes of this litigation to the extent such disclosure is necessary for preparation, trial, or other proceedings in the case;

    (3) Persons noticed for or appearing for a deposition, to the extent reasonably necessary in preparing them to testify or in testifying,

    (4) Persons designated as and /or appearing as trial witnesses, to the extent reasonably necessary in preparing them to testify or in testifying;

    (5) The Court, persons employees by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action;

    (6) Such other person as the Court may specifically approve after notice and hearing, subject to any terms or conditions imposed by the Court.

3. Prior to disclosing any Confidential Material to any person listed in paragraph 2 above (other than counsel, persons employed by counsel, Court Personnel, stenographic reporters, and videographers), counsel shall provide such person with a copy of the Protective Order and have such person execute a copy of Exhibit A acknowledging that he or she has read this Protective Order and agreed to be bound by its provisions.  All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

4. In the event documents are obtained by an authorization to release medical information, an authorization to release mental health information, authorization to release employment information or authorization to release school information or any other authorization to release information, Defendants' counsel will provide Plaintiff's counsel with copies of the documents and permit Plaintiff's counsel to identify the documents as "confidential."

5. A party may object to the designation of particular documents as Confidential by giving written notice to the party designating the disputed information. The written notice shall identify the information to which objection is made.  The parties will make a good faith effort to resolve the objection.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Material to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is filed within the ten (10) business days required above, the disputed information shall be treated as Confidential under the terms of this Protective Order

until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with any motion filed under this provision, the party designating the information as Confidential Material shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

      6. After the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof designated as Confidential Material shall be returned to the party that designated the material as Confidential, or the parties may elect to destroy Confidential documents. Where the parties agree to destroy confidential documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

      7. The inadvertent, unintentional, or *in camera* disclosure of Confidential Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

      8. Stamped Confidential documents shall not be filed with the clerk except when required in connection with motions under Federal Rules of Civil Procedure 12 or 56, motions to determine confidentiality under the terms of this Protective Order, and motions related to discovery disputes if the Confidential documents are relevant to the motion. A party contemplating filing Confidential Material protected by this Protective Order to the Court must include a notice to the Court that Confidential Material is being field in a sealed envelope or other suitable sealed container with the case caption on the outside, and with the following or a similar statement:

"Confidential – This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing the use of Confidential Material designated by the parties."  A party contemplating filing Confidential Material protected by this Protective Order to the Court also shall comply with D.C.Colo.L.Civ.R. 5.6 and 7.3.  All Confidential Material so filed with the Court shall be maintained by the Clerk of the Court under seal and shall be released only upon further Order of the Court.

9.  With respect to personnel information, the parties agree to redact personal information from personnel records used in this litigation, except when a party's own personnel records are produced to that party.  The personal information to be redacted will include:  home address and telephone number, social security number, bank account information, and any other financial information.

10.  This Protective Order may be modified during the discovery period by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

11.  Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that the party or other person believes to be improper.  Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of confidential documents or information sought.  Should this matter proceed before a jury, the parties will develop additional provisions governing the use of confidential material at trial.

DATED at Denver, Colorado, this 12th day of July, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

/s/ Karen Larson
Karen Larson
1120 Lincoln Street, Suite 711
Denver, CO 80203
Telephone: (303) 831-4404
FAX: 303-830-8843
Email: kvirginia@aol.com
Attorney for Plaintiff

/s/Stephanie Lindquist Scoville
Stephanie Lindquist Scoville
Assistant Attorney General
Employment Law Section
1525 Sherman Street, 4th Floor
Denver, CO 80203
Telephone: 303-866-5570
FAX: 303-866-5443
Email:stephanie.scoville@state.co.us
Attorney for Defendants

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 05-cv-02452-EWN-CBS

KATHLEEN KLEN,

        Plaintiff

v.

BOARD OF GOVERNORS OF THE COLORADO STATE UNIVERSITY SYSTEM; formerly known as the COLORADO STATE BOARD OF AGRICULTURE, a public entity operating Colorado State University; COLORADO STATE UNIVERSITY, a Colorado public institute of higher education; JAY KAMMERZELL, Plaintiff's employment supervisor at the Colorado State University,

        Defendants.

## EXHIBIT A

### PROTECTIVE ORDER – CONFIDENTIALITY AGREEMENT

I, _____, the undersigned, under penalty of perjury pursuant to 28 U.S.C. § 146, hereby acknowledge that I have read the Protective Order issued by the Court in the above captioned civil action and I understand the terms and conditions of such Protective Order governing the restricted use of information and materials obtained from the Parties and provided to me for the sole purposes of the above captioned action, and hereby agree to keep all such information and materials strictly and absolutely confidential, and in all other respects to be bound by the terms of the Protective Order.

Dated this ___ day of _____, 200__.

_____
Signature